UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BELYEW, | No. 2:17-cv-1950 KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SHERIFF HONEA, | |
| Respondent. | |

Petitioner, a county inmate proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The petition raises three claims for relief. Petitioner alleges that she raised these claims in a habeas corpus petition that is now pending in the California Supreme Court.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims are still pending before the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[2]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California;

3. The Clerk of the Court is directed to assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, she shall also address whether a certificate of appealability should issue and, if so, why and as to

////

////

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

Dated: December 13, 2017

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Bel1950.dis

3